IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| EMI APRIL MUSIC, INC., HUNGLIKEYOURA (MUSIC), HIDEOUT RECORDS DISTRIBUTORS, INC. (GEAR PUBLISHING DIVISION), INNOCENT BYSTANDER, UNIVERSAL-POLYGRAM INTERNATIONAL PUBLISHING, INC., and WRITE TREATAGE MUSIC, | 3:12-cv-01143-PK<br><br>FINDINGS AND RECOMMENDATION |
| Plaintiffs, | |
| K&K CORPORATION, an Oregon corporation, and WANDA HEMENWAY, | |
| Defendants. | |

PAPAK, Judge:

Plaintiffs, owners of copyrights for musical compositions, brought this copyright infringement action against defendants K&K Corporation and Wanda Hemingway. Plaintiffs allege that defendants performed a variety of copyrighted songs without authorization in a bar that defendants operate in Hillsboro, Oregon. (Compl., #1.) Defendants failed to answer and the district court entered default judgment against them, granting injunctive relief and damages. (Order, #20.) In that order, the Court also awarded plaintiffs' costs and attorney fees, "as provided in 17 USC § 505 and necessarily incurred in this action, in an amount to be determined pursuant to Fed. R. Civ. P. 54(d) and LR 54-3." *Id.* at 2. Now before the court is plaintiffs'

Page 1- FINDINGS AND RECOMMENDATION

motion for award of attorney fees and bill of costs (#22, #25), seeking fees and costs in the amount of $10,316.75. For the reasons stated below, plaintiffs' motion should be granted in part and denied in part.

## LEGAL STANDARDS

In a copyright infringement action, "the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof," and "may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. "[A]ttorney's fees are to be awarded to prevailing parties [in a copyright infringement action] only as a matter of the court's discretion and in an evenhanded fashion." *Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1104 (N.D. Cal. 2003) (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994)). For the purposes of determining the amount of attorney fees to be awarded, the court follows the lodestar method: multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate, then adjusting for other factors, if necessary. *Sturkie*, 255 F. Supp. 2d at 1104; *see Fogerty*, 510 U.S. at 534; *Hensley v. Eckerhart*, 461 U.S. 424, 436–437 (1983). The prevailing market rate is indicative of a reasonable hourly rate and the party seeking fees has the burden of showing that the hourly rates it requests are consistent with the prevailing rate. *See Sturkie*, 255 F. Supp. 2d at 1104 (citing *Jordan v. Multnomah County*, 815 F.2d 1258, 1262–1263 (9th Cir. 1987)). Independent of 17 U.S.C. § 505, Federal Civil Procedure Rule 54(d)(1) also provides for a prevailing party to recover its costs. Fed. R. Civ. P. 54(d)(1).

## DISCUSSION

Plaintiffs requests attorney fees and costs in the amount of $10,316.75. Plaintiffs' costs of $350.00 for fees of the Clerk and $150.25 for service of process are appropriate. Plaintiffs'

Page 2- FINDINGS AND RECOMMENDATION

attorney fees, however, are unreasonable.

Plaintiffs seek compensation for 4.1 hours of attorney Vicki Smith's time at $510 per hour, 18.2 hours of attorney Parna Mehrbani's time at $395 per hour, and 2.9 hours of law librarian Linda Tobiska's time at $185 per hour. After reviewing the billing records provided by plaintiffs, I find that the number of hours expended in this litigation by Smith, Mehrbani, and Tobiska are reasonable. (Mehrbani Decl., #24, Ex. 2.)

Nevertheless, the plaintiffs' proposed hourly rates are unreasonable. Plaintiffs calculate the hourly rates for Smith and Mehrbani in two stages. First, they assume Smith and Mehrbani are entitled to the 95th percentile hourly rate for private practice attorneys in Portland with the corresponding number of years in practice, based on results of the 2012 Oregon State Bar Economic Survey. For Smith, who has been in practice for 26 years, that rate is $470 per hour; for Mehrbani, who has been in practice for seven years, that rate is $375. Plaintiffs then increase these rates by 20%, contending that Oregon intellectual property attorneys command an approximately 20% fee premium.[1] Plaintiffs therefore assert that a reasonable hourly rate for Smith is $564 per hour ($470 increased by 20%) and for Mehrbani is $450 ($375 increased by 20%). Accordingly, plaintiffs argue that their requested rates of $510 and $395 per hour, respectively, are "well below" the reasonable rates established by the 2012 OSB Survey and the 2008 IP Survey.

Plaintiffs' methodology, however, double-counts a premium for intellectual property expertise. Since intellectual property attorneys are a subset of all private practitioners, their

---

[1] Plaintiffs' estimate this 20% premium by comparing results from a 2008 survey of Oregon intellectual property attorneys finding the average and median hourly rates for such practitioners was $275- $299 per hour, with the 2012 Oregon State Bar Economic Survey finding that the median rate for Portland private practice attorneys was $230 per hour. The median rate for intellectual property attorneys is 20% higher than that for private practitioners overall.

Page 3- FINDINGS AND RECOMMENDATION

higher rates are already reflected in the data for private practitioners generally. Thus, by assuming rates at the 95th percentile of all Portland private practitioners in the first step of their calculation, plaintiffs more than account for the increased rates charged by attorneys with their specialty in intellectual property litigation. For example, a rate of $470 per hour for Smith (the 95th percentile rate under the 2012 OSB survey) already places her in the upper reaches of the top bracket of IP practitioners – the 2008 IP survey indicates that only 15% of respondents charge hourly rates more than $400. (Mehrbani Decl., #24, Ex. 5 at 2.) Increasing hourly rates 20% beyond the already inflated 95th percentile mark is completely unjustified.

Given that intellectual property practitioners appear to charge a 20% rate premium, a reasonable way to approximate the prevailing rates for Smith and Mehrbani's services is to increase by 20% the *median* hourly rates for Portland private practitioners with similar years of practice. This calculation yields an hourly rate for Smith of $400 per hour and for Mehrbani of $300 per hour.[2] These rates are consistent with the 2008 IP survey results– $400 per hour still places Smith in the top 15% of IP practitioners and $300 per hour puts Mehrbani in the top 38% of IP practitioners. The biographical information detailing Smith and Mehrbani's qualifications and accomplishments justifies awarding these considerable hourly rates. (Mehrbani Decl., #24, ¶5, Ex 1.)

The hourly rate for law librarian Linda Tobiska is also excessive. Plaintiffs provide no justification for Tobiska's hourly rate of $185. Although the case law on reasonable fees for librarians is sparse, one court apparently awarded attorney fees for a librarian in Seattle,

---

[2] For Smith, I add a 20% premium to $333 per hour, the median rate for Portland private practice attorneys with 21 to 30 years experience. (Mehrbani Decl., #24, Ex. 3 at 3.) For Mehrbani, I add a 20% premium to $250 per hour, the median rate for Portland private practice attorneys with seven to nine years experience. *Id.*

Page 4- FINDINGS AND RECOMMENDATION

Washington at the rate of $120 per hour. *See Sportsfragrance, Inc. v. Perfumer's Workshop Int'l, Ltd.*, No. C09–177Z, 2009 WL 1884429, at *2 (W.D. Wash. June 30, 2009). Likewise, I find that $120 per hour is a reasonable rate for the services of a legal librarian.

Based on the discussion above, plaintiffs are entitled to attorney fees for Vicki Smith of $1,640 ($400 per hour multiplied by 4.1 hours), for Parna Mehrbani of $5,460 ($300 per hour multiplied by 18.2 hours), and for Linda Tobiska of $348 ($120 per hour multiplied by 2.9 hours). In sum, plaintiffs are entitled to reasonable attorney fees of $7,448 and costs of $500.25, for a total award of $7,948.25.

## CONCLUSION

For the reasons discussed above, plaintiffs' motion for award of attorney fees and bill of costs (#22, #25) should be granted in part and denied in part, and plaintiffs should be awarded a total of $7,948.25.

//
//
//
//
//
//
//
//
//
//

Page 5- FINDINGS AND RECOMMENDATION

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

IT IS SO ORDERED.

Dated this 14th day of December, 2012.

/s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge